IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11162
_____

JACKIE LADAPO,

                                        Plaintiff-Appellant,

                        versus

CITY OF DALLAS,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1791-G)
_____

August 31, 1998

Before REAVLEY, DAVIS and DUHÉ, Circuit Judges.

PER CURIAM:[*]

        The summary judgment in favor of the City of Dallas is
reversed because the affidavit and deposition of the plaintiff
raise an issue of sexual harassment by a co-worker so severe and
pervasive as to create an abusive working environment and alter
the conditions of her employment, and also raise an issue that
the supervisor and higher management of the City were informed of
the harassment but failed to take remedial action.  See Faragher
v. City of Boca Raton, 118 S.Ct. 2275, 2283-84(1998); Jones v.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flagship International, 793 F.2d 714, 719-20 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987).  Plaintiffs proof is that her co-worker made consistent remarks about the inferior place of women, referred to his and her body parts, tried to get her to go with him and spend the night when he could make her feel good — all despite her insistence that he stop that offensive conduct.  And her proof is that her verbal and written protests to her supervisors achieved no protection for her from this abuse.  When the employment difficulties finally reached the stage of the conference in the office of the manager of the administrative support services of the city department in November, plaintiff testifies that the city supervisors refused to allow her to discuss Oglesby's sexual harassment even though plaintiff tried to do so several times.

Furthermore, assuming the truth (as we must) of her statements of fact, and the falsity of the contradictions by her supervisors and those responsible for the decision not to give her the permanent employee position, an issue of pretext and retaliation is raised.

These issues must be resolved by further proceedings.

JUDGMENT REVERSED; CAUSE REMANDED.